AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                    **ORDER OF DETENTION PENDING TRIAL**

JAMES WILLIAM BELTCH                  Case Number: 06-20048-06-CM-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☐ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: May 10, 2006                   s/ David J. Waxse
                                      *Signature of Judicial Officer*

                                      DAVID J. WAXSE, U.S. MAGISTRATE JUDGE

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. James William Beltch
Criminal Action 06-20048-09-CM-DJW

## Part II - Written Statement of Reasons for Detention

The statute requires that I look at a series of factors to determine whether or not there are conditions that would be appropriate.

The first factor is whether the offense involves a maximum term of imprisonment of ten years or involves a narcotic drug. It does, so that is a negative.

The next factor is the weight of the evidence. We have a Grand Jury Indictment, which is a determination of probable cause.

The next factor is the history and characteristics, including your physical and mental condition. Obviously you have physical condition problems that raise issues of where you should be properly treated, but we will deal with that.

Next are your family ties, which are positive.

The next factor is your employment. It appears that the employment situation is not really very consistent, so that is a problem in terms of whether you could find employment to be released.

Your financial resources do not indicate that you have substantial resources that would enable you to flee.

Your length of residence and community ties are positive.

Your past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings is obviously terrible. The number of times you have either failed to appear or failed to comply with terms of probation or release are really too many to count since there are four pages of them.

The next factor is whether at the time of the current offense or arrest you were on probation, parole, or other release. You were certainly on other release because you failed to appear numerous

3

times.

The final factor is the nature and seriousness of the danger to any person in the community. Anyone that is involved in the distribution of crack cocaine obviously presents a danger.

Considering all of those factors together, it appears to me there are no conditions that I can find that will justify trusting that you are going to comply with them. The problem is about 15 years of not complying, so I have no reason to think that you are now suddenly going to comply. Therefore, you will remain detained.